UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEANA COLEMAN,

            Plaintiff,

    v.

AMERICAN COMMERCE INSURANCE COMPANY, a foreign insurance company,

            Defendant.

Case No. 09-5721RJB

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE PLAINTIFF'S FAILURE TO COOPERATE

This matter comes before the Court on Defendant's Motion for Summary Judgment RE Plaintiff's Failure to Cooperate (Dkt. 9). The Court has considered the relevant documents and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 13, 2009, the Plaintiff, Deana Coleman, filed a Complaint in the Superior Court of Washington State for Thurston County against Defendant, American Commerce Insurance ("American Commerce"), alleging breach of contract, negligent claims handling, bad faith, violation of the Washington State Insurance Fair Conduct Act, and violation of the Washington State Consumer Protection Act. Dkt. 1-2. On November 18, 2009, American Commerce removed the case from Superior Court to this court. Dkt. 1. On November 24, 2009, American Commerce filed its Answers to Coleman's Complaint and asserted several counterclaims and affirmative defenses, including the defense that Plaintiff failed to comply with

ORDER - 1

1 the terms and conditions of her insurance policy issued by American Commerce and failed to
2 cooperate with American Commerce in its investigation. Dkt. 2, ¶ 65. On December 1, 2009,
3 American Commerce filed a Motion for Summary Judgment. Dkt. 9.

Plaintiff Coleman's case is based on a collision involving Coleman's daughter, Kayle Peck, that occurred on September 9, 2006. Dkt. 18, p. 2., Dkt. 11-2. American Commerce, the insurer, was notified of the collision and provided with all the requested information at that time. Dkt. 18, p. 2. On July 29, 2008, Coleman sent a comprehensive settlement demand and a demand to tender the policy limits based on the contention that Coleman should be covered under the policy based on the emotional pain and suffering, and loss of love and companionship caused by Kayle Peck's accident. *Id*., Dkt. 11-2, p. 11. Coleman asserts that American Commerce failed to tender the policy limits, instead American Commerce requested medical documentation. *Id*. On September 19, 2008, American Commerce was informed that Coleman did not seek medical treatment and that there were no records available to produce. *Id*. Coleman asserts that on the same day American Commerce denied coverage. *Id*. Coleman requested the reasons for denial of coverage and Washington case law that supported the denial of coverage. *Id*. Coleman contends that American Commerce did not respond to her request to provide reasons and Washington case law supporting the denial of coverage. *Id*.

On October 16, 2009, Coleman sent a 20-day notice of intent to sue under the Washington State Insurance Fair Conduct Act. Dkt. 18, p. 3. On October 30, 2009, Coleman asserts that American Commerce for the first time requested an examination under oath as provided in the policy agreement. *Id*. American Commerce scheduled the examination for November 23, 2009. *Id*. On November 13, 2009, after the expiration of the 20-day notice period, Coleman filed suit in Washington State Superior Court. *Id*.

## II. DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

ORDER - 2

showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

Clauses requiring that the insured cooperate are generally enforceable. *See Northwest Prosthetic & Orthotic Clinic, Inc. v. Centennial Ins. Co.*, 100 Wash. App. 546, 550, 997 P.2d 972 (2000); *Pilgrim v. State Farm Fire & Cas. Ins. Co.*, 89 Wash. App. 712, 719-20, 723-24, 950 P.2d 479 (1997). Such clauses deter fraud and facilitate proper adjustment of claims. *Pilgrim*, 89 Wash. App. at 719. "An insured has a duty to cooperate with the insurer when making a claim." *Keith v. Allstate Indemnity Co.*, 105 Wash. App. 251, 252, 19 P.3d 1077 (2001). The standard for analyzing the insured's conduct is substantial compliance. *Pilgrim*, 89 Wash. App. at 720.

Noncooperation is an affirmative defense to be asserted by the insurer but will not result in denial of coverage unless the insurer demonstrates actual prejudice. *See Northwest Prosthetic & Orthotic Clinic, Inc. v. Centennial Ins. Co.*, 100 Wash. App. 546, 550, 997 P.2d 972 (2000); *Pilgrim v. State Farm Fire & Cas. Ins. Co.*, 89 Wash. App. 712, 719-20, 723-24, 950 P.2d 479 (1997); *Keith v. Allstate Indemnity Co.*, 105 Wash. App. 251, 255, 19 P.3d 1077 (2001). The insurer has the burden of establishing the absence of cooperation. *See Tran v. State Farm & Cas. Co.*, 136 Wash. 2d 214, 228, 961 P.2d 358 (1998); *Pilgrim*, 89 Wash. App. at 720. To establish actual prejudice, the insurer must demonstrate a "concrete detriment" that "harms the insurer's preparation or presentation of defenses." *Northwest Prosthetic & Orthotic Clinic, Inc.*, 100 Wash. App. at 550. The insurer must demonstrate that " it lost the opportunity to conduct a meaningful evaluation of its own." *Id*. at 552. Actual prejudice is ordinarily a question of fact and "will be presumed only in extreme cases." *Pilgrim*, 89 Wash. App. at 725.

Defendant American Commerce asserts that the Coleman's lawsuit should be dismissed since she failed to comply with relevant provisions of the insurance contract which prejudiced American Commerce. Dkt. 9, p.5-10. Additionally, American Commerce contends that failure to follow the terms and conditions of the policy prevents her from bringing a lawsuit. Dkt. 9, p.5-10. American Commerce states that the policy contains two provisions which require Coleman to provide medical documentation and to submit to an examination under oath. Dkt. 9, p. 7-8. American Commerce asserts that it requested medical documentation and an examination, but Coleman failed to provide the documentation and to submit to an examination. Dkt. 9, p. 8. American Commerce asserts that due to Coleman's failure it has been prejudiced. *Id*. American Commerce also asserts that since Coleman failed to abide by the provisions of the policy, Coleman is prevented from filing a suit. *Id*. Finally, American Commerce asserts that Coleman's lack of cooperation constitutes a breach of the policy, and that, therefore, there is no coverage for the Plaintiff's claim pursuant to Revised Code of Washington ("RCW") 7.24, et seq. Dkt. 9, p. 9-10.

Plaintiff Coleman counters American Commerce's arguments by asserting that there was no breach of contract by failing to submit to an examination under oath because American

ORDER - 4

1  Commerce's requests were not reasonable under the circumstances. Dkt. 18, p. 6. Coleman
2  states that the relevant policy provision states that Defendant must "reasonably require" an
3  insured to submit to physical examination. *Id*. Coleman asserts that American Commerce did
4  not request a medical examination or sworn statement at the time it was informed of the claim in
5  September 2008, instead American Commerce waited for over a year and after receiving a 20-
6  day notice of intent to sue before demanding a sworn statement. Dkt. 18, p. 6. Defendant argues
7  that RCW 48.30.015(8)(b) allows for a claimant to bring suit without further notice if the insurer
8  fails to resolve the basis for the action within the 20 day period after notice. Dkt. 18, p. 7.

Coleman also counters American Commerce's arguments by asserting that even if there was a breach, American Commerce cannot show prejudice under the facts of this case. Dkt. 18, p. 7. Coleman argues that the cases cited by American Commerce in its motion for summary judgment are factually distinct from the facts in this case. *Id*. Coleman distinguishes the cases and the current facts by noting the time lapse between the event giving rise to a claim and the demand for statement/documents. *Id*. Coleman notes that in this case, American Commerce delayed their request for several years.

Finally, Coleman argues that she is excused from complying with the duties to cooperate in the contract on equitable estoppel grounds and because American Commerce waived its right under the policy. Dkt. 18, p. 8.

American Commerce asserted as an affirmative defense that Coleman failed to cooperate as required by the policy contract. American Commerce now seeks to dispose of the Coleman's claim based on her lack of cooperation. However, the facts of this action presents a unique situation. It is undisputed that Coleman did not provide any medical documents to American Commerce, and that she did not submit to an examination under oath. Ordinarily under the Washington state case law cited by American Commerce this would lead to the conclusion that the Plaintiff violated the cooperation clause of a policy and that she breached the contract. However, the cases cited by American Commerce are distinguishable from the current fact pattern.

In this case, it is alleged that American Commerce denied coverage to Coleman without

ORDER - 5

reason. In the cases cited by American Commerce, the insurer either did not deny coverage or provided a reason for the denial of coverage. *See Tran v. State Farm Fire & Cas. Co.*, 136 Wash.2d 214, 961 P.2d 358 (1998); *Keith v. Allstate Indemnity Co.*, 105 Wash.App. 251, 19 P.3d 1077 (2001); *Pilgrim v. State Farm Fire & Cas. Co.*, 89 Wash.App. 712, 950 P.2d 479 (1997); and *Downie v. State Farm Fire and Cas. Co.*, 84 Wash.App. 577, 929 P.2d 484 (1997). Additionally, Coleman never refused to provide the requested documents as the insured did in the cases cited by American Commerce. On the contrary, Coleman notified American Commerce that no documents existed and gave the reason that they did not exist. It is not consistent to say Coleman did not comply with a document request when it was impossible for her to produce documents that did not exist. American Commerce knew of this fact, but did not further investigate or otherwise exercise their contractual rights. At a minimum, it is a factual dispute as to whether Coleman's actions constituted cooperation.

Second, there is an unexplained delay between the notice of claim, the settlement demand, and the request for examination under oath. In the cases cited by American Commerce, the insurers requested documents within a short time period after learning of the claim by the insured. Additionally, the insurers made several attempts to acquire the requested documents. In this case, it appears that American Commerce only made one request for documents, which was responded to by Coleman. It also appears that American Commerce did not request an examination under oath until after receiving Coleman's 20-day notice of intent to sue, over a year after its request for documents. While the cases cited by American Commerce stand for the proposition that an insured must cooperate with the insurer, the cases do not stand for the proposition that an insurer is allowed to sit on its contractual rights indefinitely. Moreover, the Washington State Administrative Code regarding insurance claims states that the insurer must respond to a claim within a certain period of time, and that if they are unable to respond, then the insurer must provide notice and explanation. *See* WAC 284-30-380. The insurer has not provided evidence that it provided notice or an explanation for delay. The insurer had a contractual right to request an examination under oath and to investigate Coleman's claim, but it chose to delay without reason for over a year. Again, it is a factual dispute as to whether

ORDER - 6

Coleman cooperated in this matter given the circumstances.

Next, even if Coleman did not cooperate, American Commerce must show that it has been prejudiced in order to deny coverage. Coleman argues that American Commerce has not been prejudiced since it delayed its investigation even though it had the contractual right to investigate. Dkt. 18, p. 7-8. American Commerce argues that Coleman's failure to provide documents and an examination under oath prejudiced them. Dkt. 20, p. 8-9. Actual prejudice is ordinarily a question of fact and "will be presumed only in extreme cases." *Pilgrim*, 89 Wash. App. at 725. Since there is dispute whether American Commerce is prejudiced in this case, there is a material issue of fact that is in dispute in this case.

Finally, American Commerce argues that Coleman is prevented from filing a suit unless she complies with the provisions of the contract, specifically the cooperation provision and examination under oath provision. Coleman argues that the provision regarding suits does not apply because she complied with the document request and that she is excused from the examination under oath provision under RCW 48.30.015(8)(b). As noted above, there is a question whether Coleman cooperated in this matter. As such, whether she has the ability to file a suit or not is also a material issue of fact that is in dispute in this case.

In summary, there is a material issue of fact as to whether, under these circumstances, Coleman violated the cooperation clause of the policy. Even if the Court assumes that there was a violation of the cooperation clause, there is a material issue of fact as to whether American Commerce was prejudiced in this matter. Finally, there is a material issue of fact as to whether, under these circumstances, Coleman or American Commerce, or both, breached the contract. Therefore, Defendant's Motion for Summary Judgment should be denied. Having resolved the issue for the reasons set forth, the Court need not address Plaintiff's waiver and estoppel arguments.

In American Commerce's Reply to Plaintiff's Response, it moved to strike statements made by Ron Meyers' in an affidavit, and exhibits D and E. The Court did not consider the exhibits or the statements American Commerce sought to strike in deciding this motion. Therefore, American Commerce's Motion to Strike should be denied.

### III. ORDER

The Court does hereby find and **ORDER**:

(1) The Defendant's Motion for Summary Judgment (Dkt. 9) is **DENIED**;

(2) The Defendant's Motion to Strike (Dkt. 20) is **DENIED**; and

(3) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of January, 2010.

*/s/ Robert J Bryan*
Robert J Bryan
United States District Judge