UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEANA COLEMAN, Mother of Kayla Peck, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN COMMERCE INSURANCE, a foreign corporation doing business in Washington, <br><br> Defendant. | Case No. 09-5721RJB <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the Plaintiff's Motion for Summary Judgment Re: Liability (Dkt. 38). The Court has considered the motion, the responses, and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises from a motor vehicle accident that occurred on September 9, 2006, at which Plaintiff's daughter, Kayla Peck, was seriously injured. Dkt. 38, p. 1. Plaintiff Deana Coleman arrived at the scene and witnessed her daughter's injuries. *Id*. Plaintiff alleges that she suffered emotional distress that manifested itself in long-term physical symptoms and that she was diagnosed with Post Traumatic Stress Disorder ("PTSD") due to witnessing her daughter's injuries. *Id*. At the time of the accident, Ms. Coleman had an Underinsured Motorist ("UIM") Policy with Defendant American Commerce Insurance with whom she filed a claim. *Id*.

ORDER - 1

1   Plaintiff alleges that she promptly notified the Defendant of the collision. Dkt. 38, p. 2.
2   On July 29, 2008, Plaintiff states that she sent a comprehensive settlement demand which
3   provided all information necessary to decide whether coverage was available. *Id*. Plaintiff
4   alleges that Defendant failed to tender the policy limits pursuant to relevant Washington case
5   law. *Id*. Plaintiff states that Defendant responded to the Plaintiff's request by requesting
6   medical records. Dkt. 38, p. 2-3.

7   Plaintiff states that on September 4, 2008, she sent another request to Defendant
8   regarding whether it was tendering policy limits. Dkt. 38, p. 3. On September 19, 2008,
9   Plaintiff's counsel informed Defendant by phone that Plaintiff did not seek out medical
10  treatment, and therefore, did not have any medical records. *Id*. Plaintiff alleges that during that
11  phone call Defendant refused to pay any UIM benefits and failed to provide Washington legal
12  authority that supported its refusal to pay the claim. *Id*. On September 23, 2008, Defendant
13  replied with a letter that, Plaintiff alleges, misrepresents and misstates both the law and the facts
14  in reference to the policy by implying that a claim of "bodily injury" under the contract requires
15  that Plaintiff sought out medical treatment. *Id*. Plaintiff states that Defendant did not make any
16  further attempts to investigate the claim and did not send anymore correspondence to Plaintiff
17  until January 9, 2009, where it reiterated its position. *Id*.

18  Plaintiff states that on October 16, 2009, over a year after Plaintiff requested case law
19  supporting Defendant's assertions, with no responsive communication from Defendant, Plaintiff
20  sent the statutorily required 20-day notice of intent to sue under the Insurance Fair Conduct Act.
21  Dkt. 38, p. 4. Plaintiff asserts that Defendant's first and only request for a sworn statement was
22  in a letter sent on October 30, 2009. *Id*. Plaintiff alleges that in that correspondence, the
23  Defendant misrepresented and misstated Washington law by stating that Plaintiff is barred from
24  bringing a suit before complying with the terms of the insurance contract. *Id*. On November 13,
25  2009, Plaintiff filed suit in Washington Superior Court. Dkt. 1. On June 2, 2010, Plaintiff filed
26  this motion for summary judgment regarding liability. Dkt. 38.

27  **II. DISCUSSION**

28  Summary judgment is proper only if the pleadings, the discovery and disclosure materials

ORDER - 2

1  on file, and any affidavits show that there is no genuine issue as to any material fact and that the
2  movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The moving party is
3  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient
4  showing on an essential element of a claim in the case on which the nonmoving party has the
5  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue
6  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find
7  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
8  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some
9  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a
10 material fact exists if there is sufficient evidence supporting the claimed factual dispute,
11 requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*
12 *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*
13 *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

14         The determination of the existence of a material fact is often a close question.  The court
15 must consider the substantive evidentiary burden that the nonmoving party must meet at trial –
16 e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*
17 *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor
18 of the nonmoving party only when the facts specifically attested by that party contradict facts
19 specifically attested by the moving party.  The nonmoving party may not merely state that it will
20 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
21 to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.
22 Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not
23 be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

24         RCW 48.30.015(5) provides a list of actions that are specifically considered a violation
25 under the Insurance Fair Conduct Act.  Conduct constituting violation of WAC 284-30-330,
26 WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380 are all express violations of the
27 Insurance Fair Conduct Act.  RCW 48.30.015(5). WAC 284-30-320(2) states that "'Claimant'
28 means, depending upon the circumstances, either a first party claimant, a third party claimant, or

ORDER - 3

both and includes a claimant's designated legal representative and a member of the claimant's immediate family designated by the claimant." WAC 284-30-320(12) states that "'Notification of claim' means any notification, whether in writing or other means acceptable under the terms of an insurance policy or insurance contract, to the insurer or its agent, by a claimant, which reasonably apprises the insurer of the facts pertinent to a claim."

**A. WAC 284-30-330**

Plaintiff asserts that Defendant violated several parts of WAC 284-30-330. Specifically, Plaintiff claims that Defendant misrepresented pertinent facts or insurance policy provisions, failed to acknowledge and act reasonably promptly upon communications, refused to pay claims without conducting a reasonable investigation, failed to affirm or deny coverage of claims within a reasonable time, and failed to promptly provide a reasonable explanation of the basis in the insurance policy for denial of a claim. Dkt. 38, p. 8.

Plaintiff first asserts that Defendant violated the Insurance Fair Conduct Act by misrepresenting a pertinent insurance policy provision when it stated in two letters dated September 23, 2008, and January 9, 2009, that coverage was not available to the Plaintiff because she did not sustain a "bodily injury" as it is defined in the policy. Dkt. 38, p. 8. Plaintiff specifically argues that the Defendant's statement that "It is our understanding... that Ms. Coleman did not seek any type of medical treatment. Therefore, under the terms and conditions of Ms. Coleman's insurance policy, she did not sustain any 'bodily injury' from this accident" is a misrepresentation of the pertinent policy provisions. Dkt. 38, p. 9.

Defendant claims that it did not misstate the policy provisions. Dkt. 67, p. 5. Defendant cites two cases to support its argument that "uncorroborated allegations of physical manifestations" are not sufficient evidence of bodily injury. *Id*.

WAC 284-30-330(1) states that misrepresenting pertinent facts or insurance policy provisions is an unfair method of competition and an unfair or deceptive act or practice of the insurer in the business of insurance. The September 23, 2008, and January 9, 2009, letters from the Defendant are nearly identical and give identical reasons for rejecting Plaintiff's claim. Dkt. 38, Exhibits H and J. The letters state, "It is our understanding from information you provided to

ORDER - 4

1 us, that Ms. Coleman did not seek any type of medical treatment.  Therefore, under the terms and
2 conditions of Ms. Coleman's insurance policy, she did not sustain any 'bodily injury' from this
3 accident." Dkt. 38, Exhibits H and J.  Defendant also cites two sections of the insurance policy
4 in its letters to the Plaintiff, they are as follows:

> Definitions (pg 1)
> D. "Bodily Injury" means bodily harm, sickness or disease, including death that results.
>
> Part III (pg 6)
> Insuring Agreement
> A. If premium and limit of liability are shown on the Declarations for Underinsured Motorists Coverage, we will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of :
>     1. "Bodily Injury" sustained by an "insured" and caused by an accident;...

Dkt. 38, Exhibit I.

It appears that what the Defendant stated is not in accord with the cited policy provisions. Nowhere in the policy provisions cited by the Defendant does it state that there is a requirement that the Plaintiff must seek medical treatment before satisfying the definition of "bodily injury." Nor did the Defendant ever cite any case law stating that Plaintiff must show physical manifestations of emotional distress.  After the fact arguments do not cure what was stated or represented to the Plaintiff at the time the claim was submitted.  There is no evidence presented by the Defendant that it represented its position in any other way than what was represented in the two letters.  In light of what was stated in the September 23, 2008, and January 9, 2009, letters, and what was contained within the Insurance Policy, the Court believes that no rational trier of fact could find for the non-moving party.  Therefore, Plaintiff should be granted summary judgment as to this issue.

Plaintiff also contends that Defendant failed to promptly provide a reasonable explanation of the basis in the insurance policy for denial of a claim is a violation of WAC 284-30-330(13). Dkt. 38, p. 10.  Plaintiff asserts that the misrepresentation of the policy provisions by the Defendant was an unreasonable explanation and a further violation of the Insurance Fair Conduct Act. *Id*.  Plaintiff also argues that Defendant failed to provide any legal basis with reference to Washington law for its assertion of no bodily injury. *Id*.  Defendant does not make

ORDER - 5

an argument in response to Plaintiff's assertions.

WAC 284-30-330(13) states that "failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement" is an unfair method of competition and an unfair or deceptive act or practice of the insurer in the business of insurance. Since the Defendant has not argued nor presented evidence to rebut the Plaintiff's assertions, there is no genuine issue of material fact. Therefore, Plaintiff should be granted summary judgment as to this issue.

**B. WAC 284-30-360**

Plaintiff asserts that Defendant violated the Insurance Fair Conduct Act by not acting in accordance with WAC 284-30-360. Dkt. 38, p. 11. Specifically, Plaintiff asserts that Defendant did not respond to the information provided to them until after a settlement demand was sent on July 28, 2008. *Id*. Additionally, Plaintiff states, after Defendant received the settlement demand, it did not provide any necessary forms, instructions, or provide reasonable assistance. *Id*. Defendant responds by arguing that it did respond to the Plaintiff's communications in accordance with WAC 284-30-360. Dkt. 67, p. 8.

WAC 284-30-360 states:

(1) Within ten working days after receiving notification of a claim under an individual insurance policy, or within fifteen working days with respect to claims arising under group insurance contracts, the insurer must acknowledge its receipt of the notice of claim.
   (a) If payment is made within that period of time, acknowledgment by payment constitutes a satisfactory response.
   (b) If an acknowledgment is made by means other than writing, an appropriate notation of the acknowledgment must be made in the claim file of the insurer describing how, when, and to whom the notice was made.
   (c) Notification given to an agent of the insurer is notification to the insurer.
...
(3) For all other pertinent communications from a claimant reasonably suggesting that a response is expected, an appropriate reply must be provided within ten working days for individual insurance policies, or fifteen working days with respect to communications arising under group insurance contracts.
(4) Upon receiving notification of a claim, every insurer must promptly provide necessary claim forms, instructions, and reasonable assistance so that first party claimants can comply with the policy conditions and the insurer's reasonable requirements. Compliance with this paragraph within the time limits specified in subsection (1) of this section constitutes compliance with that subsection.

WAC 284-30-320(12) states that "'Notification of claim' means any notification, whether in

ORDER - 6

writing or other means acceptable under the terms of an insurance policy or insurance contract, to the insurer or its agent, by a claimant, which reasonably apprises the insurer of the facts pertinent to a claim."

The Plaintiff argues that it sent Defendants a Settlement Demand on July 29, 2008 (Dkt. 38, Exhibit B). Dkt. 38, p. 11. Defendant states that it responded within 10 days with a letter (Dkt. 10, Exhibit 2). Dkt. 67, p. 8. The Defendant's letter states:

> This letter is a follow up to your July 29, 2008 correspondence. We are in the process of reviewing your demand for policy limits of our insured's policy of $50,000.00. In the meantime, please forward any medical records relating to your client's Underinsured Bodily Injury claim.

Dkt. 10, Exhibit 2. Defendant states that the request for medical records was appropriate and that the records were necessary to fully investigate Plaintiff's claim. Dkt. 67, p. 8. Plaintiff, however, stated that there were no medical records to hand over. Dkt 38, p. 3. The Plaintiff complied with the Defendant's request, but the Defendant subsequently failed to promptly provide necessary claim forms, instructions, or reasonable assistance so that the Plaintiff could comply with the policy conditions and the insurer's reasonable requirements. The Defendant has not provided evidence that it provided instructions or reasonable assistance to the Plaintiff. Based on the record, there is no genuine issue of material fact and no rational trier of fact could find for the non-moving party in this situation. Therefore, the Plaintiff's motion for summary judgment should be granted as to this issue.

**C. WAC 284-30-370 and WAC 284-30-380**

Finally, Plaintiff argues that Defendant violated the Insurance Fair Conduct Act by not investigating in manner consistent with WAC 284-30-370 and WAC 284-30-380. Dkt. 38, p. 12. Defendant denies this and states that it requested "medical records and other pertinent information required to complete its investigation." Dkt. 67, p. 8-9.

WAC 284-30-370 states in part that every insurer "must complete its investigation of a claim within thirty days after notification of the claim, unless the investigation cannot be reasonably be completed within that time." WAC 284-30-380 states in part that if "the insurer needs more time to determine whether a first party claim should be accepted or denied, it must

ORDER - 7

1  notify the party claimant within fifteen working days after receipt of the proofs of loss giving the
2  reason more time is needed." The Defendant has not provided evidence showing that it
3  completed its investigation within thirty days nor has it provided evidence that it notified the
4  Plaintiff that the investigation could not have been completed within that time.  The Defendant
5  has argued that it requested medical records and that it's investigation was not complete until it
6  received medical records.  Dkt. 67, p. 8-9.  However, Plaintiff stated that she did not have
7  medical records.  Dkt. 38, p. 3, 12.  No further unprompted requests for information or
8  communications was sent by the Defendant to the Plaintiff regarding the investigation.  The
9  administrative code sets positive duties for the insurer.  One is to complete the investigation
10  within a certain time period and the other is to notifying the Plaintiff of any delay and giving
11  reasons for such a delay.  In this case, the Defendant has not provided evidence that it did either.
12  There is no genuine issue of material fact in this case and the Plaintiff's motion for summary
13  judgment should be granted.

14     For the above mentioned reasons, the Plaintiff's motion for summary judgment regarding
15  liability should be granted.  The Plaintiff's motion to strike Defendant's proposed expert (Dkt.
16  70, p. 1) should be denied.  The Court did not consider the expert's testimony in deciding this
17  motion.

### III. ORDER

19  The Court does hereby find and ORDER:

20  (1) Plaintiff's Motion for Summary Judgment Re: Liability is **GRANTED**;

21  (2) Plaintiff's motion to strike (Dkt. 70, p.1) is **DENIED**; and

22  (3)  The Clerk is directed to send copies of this Order all counsel of record and any party
23  appearing *pro se* at said party's last known address.

24  DATED this 13th day of July, 2010.

Robert J. Bryan
United States District Judge