UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEANA COLEMAN,

        Plaintiff,

   v.

AMERICAN COMMERCE INSURANCE COMPANY, a foreign insurance company,

        Defendant.

Case No. 09-5721RJB

ORDER DENYING DEFENDANT'S MOTION TO DISMISS/PROHIBIT JOINDER OF NATHAN PECK AND MOTION FOR SANCTIONS

    This matter comes before the Court on the above captioned motions (Dkt. 85 & 87). The Court has considered the motions, responses thereto, and the remainder of the file herein.

    The underlying facts of the case are known by the parties and the Court, and will not be repeated herein. On July 2, 2010, Plaintiff filed a document entitled "Service of Notice of Right to Join Suite [sic]/Copy of Summons and Complaint." Dkt. 81. The document gave notice that Nathan Peck was served with a copy of the summons and complaint. Dkt. 81. On July 9, 2010, the Defendant filed a motion seeking either to dismiss Nathan Peck or to prohibit his joinder. Dkt. 85. Defendant states that the deadline for joining parties has passed, and that the Plaintiff has not properly sought to amend her complaint to add the party. Defendant also filed a motion for sanctions based on the service of notice of right to join suit (notice sent to Nathan Peck). Dkt. 87. Defendant states that the filing is frivolous and untimely joinder. Dkt. 87.

    Plaintiff responds by stating that the notice was required under RCW 4.24.010. The statute states:

ORDER - 1

> If one parent brings an action under this section and the other parent is not named as a plaintiff, notice of the institution of the suit, together with a copy of the complaint, shall be served upon the other parent: PROVIDED, That notice shall be required only if parentage has been duly established. Such notice shall be in compliance with the statutory requirements for a summons.

Plaintiff states that counsel simply served Mr. Peck with a Notice out of an abundance of caution, and the legal messenger filed a declaration of service with the Court. Dkt. 99, p. 3. Plaintiff also states that the declaration was not a motion by the Plaintiff to join Mr. Peck as a party.

Defendant's arguments are without merit. Nathan Peck is not a party to this litigation and the Plaintiff has not filed a motion to add Mr. Peck to this action. A motion is a request of the court by a party. *See* Fed.R.Civ.P. 7(b). The notice was not a request, it was merely a document stating that Nathan Peck was served. The Court cannot grant Defendant's motion to dismiss Mr. Peck, because he is not a party, nor can the Court prohibit Mr. Peck from joining, because the Plaintiff has not moved to join him. The Defendant's motions are essentially moot. There is no relief to be granted. Finally, Defendant's motions for sanctions are without merit and without foundation since Defendant's underlying motion is without merit. The Defendant's motions should be denied without prejudice. The Defendant may raise the issue again if it is appropriate.

The Court does hereby find and **ORDER**:

(1) Defendant's Motion to Dismiss/Prohibit Joinder of Nathan Peck (Dkt. 85) is **DENIED** without prejudice;

(2) Defendant's Motion for Terms and Sanctions (Dkt. 87) is **DENIED** without prejudice; and

(3) The Clerk is directed to send copies of this Order all counsel of record and any party appearing *pro se* at said party's last known address.

DATED this 10th day of August, 2010.

Robert J Bryan
United States District Judge

ORDER - 2