UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEANA COLEMAN, Mother of Kayla Peck,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN COMMERCE INSURANCE, a foreign corporation doing business in Washington,<br><br>    Defendant. | Case No. 09-5721RJB<br><br>ORDER DENYING AMERICAN COMMERCE INSURANCE'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the court on the above-referenced motion (Dkt. 97). The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion. For the reasons stated in the court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment (Dkt. 88) and herein, the Motion for Reconsideration should be denied. The court does, however, wish to make the following additional comments.

    1. In the court's order (Dkt. 88, p. 8, lines 14-17), the court did not strike Mr. Hight's testimony, but did not consider it. The court did not strike the testimony because it was not "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). Not striking the testimony does not mean that it was "accepted." The court did not consider it because of its earlier ruling granting plaintiff's motion to exclude (Dkt. 76), and because Mr. Hight's testimony was little more than legal conclusions, arguments and opinions that did not change the fact that material facts were not in issue.

ORDER - 1

2. The plaintiff's lay understanding of her claim does not bind her to legal conclusions that flow from the facts of the case.

3. Whether plaintiff suffered actual damage covered by the subject policy remains to be determined.

4. There is a very substantial difference between the information given to plaintiff by defendant and the "Hegel test." For example, in its letter of January 9, 2009, to Mr. Meyers, plaintiff's lawyer (Dkt. 98, Exh. 2), the defendant made this statement: "It is our understanding from information you provided to us that Ms. Coleman did not seek any type of medical treatment. Therefore, under the terms and conditions of Ms. Coleman's insurance policy, she did not sustain any 'bodily injury' from this accident." That statement is erroneous and is tantamount to a rejection of Ms. Coleman's claim. The company's statement is far different than the law the company was apparently trying to paraphrase which, in pertinent part, reads as follows: "We hold that to satisfy the objective symptomotology requirement established in Hensley, a plaintiff's emotional distress must be susceptible to medical diagnosis and proved through medical evidence." Hegel v. McMahon, 136 Wn.2d 122 (1998). One can only speculate about what would have occurred had the defendant correctly referred to the law, but it appears likely that Coleman would have sought a medical diagnosis. It is clear that defendant did not provide any necessary forms, instructions or reasonable assistance, nor did it make a reasonable investigation in accord with the requirements of Washington insurance law.

The Motion for Reconsideration should be DENIED.

IT IS SO ORDERED.

The Clerk is directed to send copies of this Order all counsel of record and any party appearing *pro se* at said party's last known address.

DATED this 26th day of August, 2010.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 2