UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEANA COLEMAN,<br><br>            Plaintiff,<br><br>  v.<br><br>AMERICAN COMMERCE INSURANCE COMPANY, a foreign insurance company,<br><br>            Defendant. | Case No. 09-5721RJB<br><br>ORDER GRANTING AMERICAN COMMERCE'S MOTION FOR SUMMARY JUDGMENT RE DAMAGES |

This matter comes before the Court Defendant American Commerce's above captioned motion (Dkt. 111). The Court has considered the motion, responses, and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises from a motor vehicle accident that occurred on September 9, 2006, at which Plaintiff Coleman's daughter, Kayla Peck, was seriously injured. Dkt. 38, p. 1. Plaintiff alleges that she suffered emotional distress from witnessing her daughter's injuries which manifested itself in long-term physical symptoms and lead to a diagnosis of Post Traumatic Stress Disorder ("PTSD"). *Id*. At the time of the accident, Ms. Coleman had an Underinsured Motorist ("UIM") Policy with Defendant American Commerce Insurance with whom she filed a claim. *Id*.

On November 13, 2009, Plaintiff Coleman filed a complaint in Thurston County Superior

ORDER - 1

1  Court alleging that, among other things, Defendant American Commerce violated its duty of
2  good faith and fair dealings, violated the Washington State Insurance Fair Conduct Act, RCW
3  48.30.015 ("IFCA"), and violated the Washington State Consumer Protection Act, Chapter 19.86
4  RCW ("CPA"). Dkt. 1-2, p. 20-22.

5       On August 3, 2010, Defendant American Commerce filed a motion for summary
6  judgment regarding the issue of damages. Dkt. 111. Defendant American Commerce is
7  requesting that the Court dismiss Plaintiff Coleman's claims for common law bad faith, and
8  violations of the IFCA and CPA. Dkt. 111. Defendant essentially argues that the Plaintiff has
9  not shown any damages or harms which would allow for a cause of action under bad faith, IFCA,
10 or CPA. Dkt. 111. Plaintiff responds by essentially arguing that the Defendant's acts have
11 exacerbated Ms. Coleman's Post-Traumatic Stress Disorder ("PTSD") symptoms, caused
12 Plaintiff to incur costs due to Defendant's ongoing acts, and caused Plaintiff to incur costs due to
13 the prosecution of her claims. Dkt. 123.

## II. DISCUSSION

15      "The task of a federal court in a diversity action is to approximate state law as closely as
16 possible in order to make sure that the vindication of the state right is without discrimination
17 because of the federal forum." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). Where
18 the state's highest appellate court has not spoken on an issue, the federal court's role is to predict
19 what decision the state's highest court would reach. *See Evanston Ins. Co. v. OEA, Inc.*, 566
20 F.3d 915, 921 (9th Cir. 2009). A federal court uses "intermediate appellate court decisions,
21 decisions from other jurisdictions, statutes, treatises, and restatements as guidance" to predict
22 how the state's highest court would rule. *Assurance Co. of Am. v. Wall & Assocs. LLC of*
23 *Olypmia*, 370 F.3d 557, 560 (9th Cir. 2004). A federal court will follow the decisions of state
24 intermediate appellate courts unless there is "convincing evidence" that the state's highest court
25 would decide the issue differently. *Id*.

26      Summary judgment is proper only if the pleadings, the discovery and disclosure materials
27 on file, and any affidavits show that there is no genuine issue as to any material fact and that the
28 movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is

ORDER - 2

entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**A. Bad Faith Claim**

"An action for bad faith handling of an insurance claim sounds in tort.*" St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 668 (Wash. 2008)*(citing Safeco Ins. Co. of Am. v. Butler*, 823 P.2d 499 (1999)). The duty of good faith is applicable to both first-party and third-party coverage. *St. Paul Fire*, 196 P.3d at 668. A first-party insured has a cause of action for bad faith investigation even where there is ultimately no coverage. *Id*. Bad-faith can be

ORDER - 3

asserted where the insurer mishandled the claim by failing to conduct a reasonable investigation. *Id*. An insurer's denial of coverage, without reasonable justification, constitutes bad faith. *Indus. indem. Co. of the Nw., Inc. v. Kallevig*, 792 P.2d 520, 526 (Wash. 1990). Claims of insurer bad faith are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty. *St. Paul Fire*, 196 P.3d at 668 (*citing Mut. of Enumclaw Ins. v. Dan Paulson Constr. Inc*., 169 P.3d 1 (2007))(internal quotations omitted). In order to establish bad faith, an insured is required to show the breach was unreasonable, frivolous, or unfounded. *Id*. Whether an insurer acted in bad faith is a question of fact. *Id*. (*citing Smith v. Safeco Ins. Co.*, 78 P.3d 1274 (2003)).

In a first-party context, there is no rebuttable presumption of harm. *Coventry Assocs. v. Am. States Ins. Co.*, 961 P.2d 933, 938 (Wash. 1998). The insured must prove actual harm, and its damages are limited to the amounts it incurred as a result of the bad faith, as well as general tort damages. *See Id.* at 940; *St. Paul Fire*, 196 P.3d at 669. The insured is "liable for the consequential damages to the insured as a result of the insurer's breach of its contractual and statutory obligations." *Coventry,* 961 P.2d at 939.

Defendant American Commerce asserts that Plaintiff Coleman does not have a claim for bad faith since she cannot show any damages. Dkt. 111, p. 5-9. Plaintiff responds by asserting that the Plaintiff suffered harm when the Defendant violated numerous provisions of Washington law, and exacerbated Plaintiff's continuing diagnosis of PTSD. Dkt. 123, p. 6.

In this case, the Plaintiff has failed to show damages or harm incurred as a result of the bad faith by the Defendant. While Plaintiff alleges that her PTSD was exacerbated by the acts of bad faith by the Defendant, the Plaintiff has not produced specific evidence to support her assertion. The lack of evidence does not allow the Plaintiff to prevail in a summary judgment motion. Additionally, the Plaintiff has not cited and the Court has not found law that supports her assertion that violations of Washington law may be viewed as damages in a bad faith context. For the foregoing reasons, Defendant's motion for summary judgment as to Plaintiff's bad faith claim should be granted.

## B. Insurance Fair Conduct Act ("IFCA")

RCW 48.30.015. Unreasonable denial of a claim for coverage or payment of benefits. (1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

Defendant American Commerce argues that Plaintiff Coleman does not have a claim under the IFCA because there were no actual damages. Dkt. 111, p. 6, 9. Plaintiff responds by arguing that the IFCA includes all damages incurred by the Plaintiff, including the cost of litigation. Dkt. 123, p. 7.

As noted above, the Plaintiff has not shown actual damages that were the result of the Defendant's acts. Plaintiff has also not cited and the Court has not found law which supports the Plaintiff's assertion that the cost of litigation alone is an actual damage which will give rise to a cause of action under the IFCA. For the foregoing reasons, the Defendant's motion for summary judgment as to Plaintiff's IFCA claims should be granted.

## C. Washington Consumer Protection Act ("CPA") Chapter 19.86 RCW

RCW 19.86.090 allows anyone who has been "injured in his or her business or property by a violation" of the CPA to bring a civil action in which he or she may recover actual damages, trial costs, and attorney fees. *Ambach v. French*, 216 P.3d 405, 407 (Wash. 2009). To state a prima facie claim under the CPA, a plaintiff must "establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Id*. *(citing Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531 (Wash. 1986).

While the injury involved need not be great, or even quantifiable, it must be an injury to business or property. *Ambach*, 216 P.3d at 407. Personal injury damages are not compensable damages under the CPA and do not constitute injury to business or property. *Id*. at 408. Where plaintiffs are both physically and economically injured by one act, courts generally refuse to find injury to business or property as used in the consumer protection laws. *Id*. at 409. Damages for mental pain and suffering and its objective physical manifestations are not compensable under

ORDER - 5

the CPA. *Washington State Physicians Ins. Exchange & Assoc. v. Fison*, 858 P.2d 1054, 1064 (Wash. 1993). The cost of having to prosecute a CPA claim is not sufficient to show injury to business or property. *See Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 901 (2009)("mere involvement in having to... prosecute a CPA counterclaim is insufficient to show injury to her business or property."); *Ledcor Industries, Inc. v. Mutual of Enumclaw Ins. Co.*, 206 P.3d 1255, 1262 (Wash. 2009)("Ledcor argues it was injured because its ongoing involvement in 'the case' required it to pay expert witness fees and other expenses. But these claimed expenses were incurred in the instant lawsuit against MOE, not the underlying litigation. Those expenses are not cognizable injuries under the CPA."); *Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 825 P.2d 714, 721 (Wash. Ct. App. 1992)("Attorney fees... do not qualify as actual damages.")

Defendant American Commerce contends that Plaintiff Coleman has not shown actual injury to business or property. Dkt. 111, p. 7, 9. Plaintiff responds by arguing that the "ongoing CPA violations of the Defendant have forced the Plaintiff to incur [a] myriad [of] CPA injuries, including expenditures to secure the benefit of the insurance policy, and to secure her own expert evidence that would have been unnecessary had the Defendant conducted an adequate investigation." Dkt. 123, p. 8-9. Plaintiff also asserts expenses related to her litigation. Dkt. 123, p. 9.

Plaintiff has not shown that she has any actual injury to her business or property, and her alleged injuries do not give rise to a cause of action under the CPA. Plaintiff's vague reference to a myriad of CPA injuries is not enough for her to prevail on a summary judgment motion. Moreover, her expenses for PTSD and her expenses related to the bringing of the suit are not recognized harms under the CPA and do not give her a cause of action under the CPA. For the foregoing reasons, the Defendant's motion for summary judgment as to the Plaintiff's claims under the CPA should be granted.

### III. ORDER

The Court does hereby find and ORDER:

(1) Defendant's Motion for Summary Judgment Re Damages (Dkt. 111) is **GRANTED.** Plaintiff's claims are **DISMISSED**, and all issues in the case having been resolved, this case is **DISMISSED**.

(2) The Clerk is directed to send copies of this Order all counsel of record and any party appearing *pro se* at said party's last known address.

DATED this 17th day of September, 2010.

Robert J. Bryan
United States District Judge

ORDER - 7